Nancy A. Del Pizzo
nancy.delpizzo@rivkin.com
**RIVKIN RADLER LLP**
25 Main Street, Suite 501
Court Plaza North
Hackensack, New Jersey 07601
(201) 287-2460 (T)
(201) 489-0495 (F)

Matthew Topic (to be admitted *pro hac vice*)
matt@loevy.com
**LOEVY & LOEVY**
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
(312) 243-5900 (T)
(312)

*Attorneys for Movant Sebastian Murdock*

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
(Charlottesville Division)**

| | |
|---|---|
| BRENNAN M. GILMORE,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDER ("ALEX") E. JONES; INFOWARS, LLC, a Texas Limited Liability Company; FREE SPEECH SYSTEMS, LLC, a Texas Limited Liability Company; LEE STRANAHAN; LEE ANN MCADOO A/K/A LEE ANN FLEISSNER; SCOTT CREIGHTON; JAMES ("JIM") HOFT; ALLEN B. WEST; and DERRICK WILBURN,<br><br>Defendants. | Civil Action No.: 3:18-cv-00017 |

**MEMORANDUM IN SUPPORT OF MOTION BY REPORTER SEBASTIAN
MURDOCK TO QUASH SUBPOENA FOR HIS PHONE RECORDS**

This motion seeks to quash a subpoena issued to Verizon for phone records of a reporter. The subpoena was issued by James Hoft ("Mr. Hoft"), who publishes the website called Gateway Pundit and is the defendant in a Western District of Virginia defamation case stemming from a story claiming that the person who filmed the murder of Heather Heyer at the 2017 "Unite the Right" rally in Charlottesville, Virginia, is a "deep state shill linked to George Soros." *See Gilmore v. Jones*, 3:18-cv-00014, Complaint, ECF No. 1 (W.D. Va. March 13, 2018). (*See* attached Declaration of Matthew Topic, Esq. ("Topic Decl"), ¶ 3).

## I. BRIEF FACTS AND PROCEDURAL HISTORY

The subpoena issued to non-party Verizon at 180 Washington Valley Road, Bedminster, New Jersey 07921, seeking the phone records of Mr. Murdock. (Topic Decl., ¶¶ 3-4).Verizon sent notification dated June 4, 2021, that a subpoena was issued to Verizon for records associated with Mr. Murdock's phone and sought compliance in this District. The notice had been sent by regular mail to Mr. Murdock's parents' home and, upon information and belief, received there on June 12, 2021; Mr. Murdock was made aware of the subpoena for the first time on June 15, 2021, and first received a copy on June 16, 2021. (Topic Decl., ¶¶ 5-6). Verizon has not yet produced documents and has indicated that it will not do so until this motion is resolved. (*Id*. at ¶¶ 7-8).

When asked in the unsuccessful telephonic meet-and-confer that the parties held on June 25, 2021, to explain the purported discoverability of the information sought, Mr. Hoft's counsel stated that the phone records would show communications between Mr. Murdock and Charlottesville government officials that establish a "government/media conspiracy" that, if true, would allegedly be a defense to the defamation case. (*Id*. at ¶ 9). He provided no specifics on how the requested information would establish such a conspiracy. (*Id*. at ¶ 10). He also did not claim that the material was nonconfidential. (*Id*. at ¶ 11).

Mr. Hoft's counsel further explained that he had attempted to get this same information from the City of Charlottesville but the City refused to provide it and, apparently, Mr. Hoft elected not to challenge that refusal through available channels. (*Id*. at ¶ 12).

As explained below, this Court should quash the subpoena under both general subpoena principles and the reporter's privilege, as well as the Stored Communications Act, 18 U.S.C. §§ 2710, *et seq*. *See* Fed. R. Civ. P. 45(d)(3)(A)(iii) (requiring district court where compliance is required to quash a subpoena that seeks privileged or other protected matter).

## II.     LEGAL ARGUMENT

### A.     Mr. Murdock has standing to file this motion.

A motion to quash a subpoena may be brought by a someone with a privilege or privacy interest in the information sought. *See Schmulovich v. 1161 Rt. 9 LLC*, No. CIV.A.07-597 FLW, 2008 WL 4572537, at *4 (D.N.J. Oct. 14, 2008); *Patrick Collins, Inc. v. John Does 1-13*, No. 12-7620, 2013 WL 3466833, at *2 (D.N.J. July 10, 2013) (finding the defendant had third-party standing to challenge a subpoena to an internet provider because he asserted "personal and proprietary interests" in his subscriber information). Mr. Murdock is the user of the phone whose records are sought, and has privacy and reporter's shield interests in the records. (Topic Decl., ¶ 4).

### B.     There has been no showing that the phone records are discoverable.

A party who issues a subpoena bears the burden of showing that the information is relevant to a claim or defense or otherwise discoverable. *Schmulovich*, 2008 WL 4572537, at *5; *Ugorji v. Dep't of the Env't Prot. of the State of New Jersey*, No. CV 08-5424 (MLC), 2011 WL 13140574, at *2 (D.N.J. Oct. 27, 2011). Mr. Hoft's theory of discoverability should be rejected: even if Mr. Murdock had communications with Charlottesville officials (and the subpoena is not even so limited), this hardly shows some kind of government/media conspiracy, let alone one that is

relevant to the Virginia suit. *See Schmulovich*, 2008 WL 4572537, at *5 ("Plaintiffs claim that they 'want to follow the money.' However, Plaintiffs do not articulate how the money they seek to follow is relevant to this litigation." (cleaned up)); *Malhan v. Grewal*, No. CV 16-8495 (CCC), 2020 WL 6391180, at *4 (D.N.J. Nov. 2, 2020) (quashing subpoena where information had insufficient connection to the case).

    C.    **Reporter's Privilege**

Even if the material was relevant, however, it is also privileged. While the states of New York (the reporter's place of business), New Jersey (the location of the records sought), and Virginia (the location of the underlying case) all have an interest in this issue, it does not appear that this Court needs to resolve any conflict of laws issues because Mr. Murdoch is confident, based on Mr. Hoft's statements in the required pre-filing conference, that Mr. Hoft will be unable to meet the applicable standard in any of these states. *See Trump v. O'Brien*, 403 N.J. Super. 281, 304 (App. Div. 2008) (declining to resolve choice of law question where not outcome determinative).

New Jersey has "among the broadest" reporter's shield laws in the country and "provides an absolute privilege which protects journalists from revealing information or sources obtained during professional news gathering." *In re Jan. 11, 2013 Subpoena by Grand Jury of Union Cty.*, 432 N.J. Super. 570, 576 (2013). This includes protection for nonconfidential material. *See Trump*, 403 N.J. Super. at 305. New York law affords statutory protection beyond the common-law reporter's privilege and the First Amendment. *See Matter of Application of Home Box Off., Inc.*, 103 N.Y.S.3d 794, 797 (N.Y. Sup. Ct. 2019). It protects with an absolute privilege "any news obtained or received in confidence or the identity of the source of any such news," and even subpoenas for nonconfidential privileged information face a "high evidentiary burden" on three elements: (1) the information must be "highly material and relevant"; (ii) "critical or necessary to

the maintenance of a party's claim, defense or proof of an issue"; and (3) "not obtainable from any alternative source." N.Y. Civ. Rights Law § 79-h(b), (c); *see e.g., Home Box Off.,* 103 N.Y.S.3d at 798; *see also N.Y. Times v. Gonzales,* 459 F.3d 160, 163 (2nd Cir. 2006) (reporter's phone records subject to common law and First Amendment privilege). Virginia similarly requires a showing by the party issuing the subpoena that, even for non-confidential protected information, (1) the information sought is relevant, (2) it is not available from alternative sources, and (3) there is a compelling interest in it. *LaRouche v. NBC*, 780 F.2d 1134, 1139 (4th Cir. 1986); *Hatfill v. N.Y. Times*, 242 F.R.D. 353, 356 (E.D. Va. 2006) (noting that Virginia follows the *LaRouche* test).

Here, under New Jersey law, the material is absolutely privileged, and so too under New York law because Mr. Hoft has not even claimed that the material is nonconfidential. (Topic Decl., ¶ 11). Even if the material was deemed non-confidential or Virginia law applied, however, Mr. Hoft would still need to satisfy all three elements of the applicable test. While he claims he needs to see records about communications between Mr. Murdock and Charlottesville officials (though the subpoena has no such limitation, instead seeking all of Mr. Murdoch's phone records) around the time of the "Unite the Right" rally to prove his speculated "government/media conspiracy" theory, he admits that he sought this same information from Charlottesville and was refused and did not seek to have that refusal overturned. (*Id.* at ¶ 12). As a result, he cannot meet the "no alternative source" element, even if he was able to make the required showing on the other elements.

> **D.      The Stored Communications Act prohibits release of much of the information requested in the subpoena.**

Finally, the subpoena seeks text messages, photos, videos, and other such content of Mr. Murdock's communications. There is a vast body of judicial decisions holding that the prohibition on the disclosure of content by a service provider under the Stored Communications Act has no

exception for civil subpoenas. *See PPG Indus., Inc. v. Jiangsu Tie Mao Glass Co.*, 273 F. Supp. 3d 558, 560 (W.D. Pa. 2017). These portions of the subpoena should be quashed for this additional reason, though all of the material is protected by the reporter's privilege and there has been no showing of discoverability anyway.

## CONCLUSION

For these reasons, this Court should quash the subpoena.

Date: June 28, 2021                                      Respectfully submitted,


                                                         */s/ Nancy A. Del Pizzo*
                                                         Nancy A. Del Pizzo
                                                         nancy.delpizzo@rivkin.com
                                                         **RIVKIN RADLER LLP**
                                                         25 Main Street, Suite 501
                                                         Court Plaza North
                                                         Hackensack, New Jersey 07601
                                                         (201) 287-2460 (T)
                                                         (201) 489-0495 (F)

                                                         Matthew Topic (to be admitted *pro hac vice*)
                                                         matt@loevy.com
                                                         LOEVY & LOEVY
                                                         311 North Aberdeen, 3rd Floor
                                                         Chicago, IL 60607
                                                         (312) 243-5900 (T)
                                                         (312) 243-5902 (F)

                                                         *Attorneys for Movant Sebastian Murdock*